UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.**

JANE DOE,[1] an individual,

           Plaintiff,

vs.

CITY OF WEST PALM BEACH, a Florida
municipal corporation, and JUSTICE       JURY TRIAL DEMAND
FEELEY-CARIM, individually,

           Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, JANE DOE (hereinafter "Plaintiff"), by and through undersigned

counsel, and sues Defendants, the CITY OF WEST PALM BEACH (hereinafter "THE CITY"), a

Florida municipal corporation, and JUSTICE FEELEY-CARIM (hereinafter "OFFICER FEELEY-

CARIM" or "FEELEY-CARIM"), individually, and alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for damages arising from the egregious violation of Plaintiff JANE

DOE's constitutional rights under the Fourth and Fourteenth Amendments to the United States

Constitution, pursuant to 42 U.S.C. § 1983, as well as violations of Florida common law, when

Defendant Officer Feeley-Carim, acting under color of law and within the scope of his employment

as a West Palm Beach Police Officer, sexually assaulted, battered, falsely imprisoned, and

intentionally inflicted severe emotional distress upon Plaintiff JANE DOE on March 26, 2025.

---

[1] Plaintiff is identified under a pseudonym name, because she is the victim of a sexual battery, her identity is protected from public disclosure under Florida Law. Defendants are aware of JANE DOE's True name.

2.      This action also seeks to hold the CITY OF WEST PALM BEACH liable for its deliberate indifference to the known risks posed by Officer FEELEY-CARIM, its failure to properly screen, train, supervise, and discipline its police officers, and its maintenance of unconstitutional policies, customs, procedures and practices of condoning unlawful and improper acts by their employees and police officers, that enabled and ratified Officer FEELEY-CARIM's unlawful conduct.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983.

4.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), as:

   a.   Defendants reside or are headquartered in this judicial district;

   b.   A substantial part of the events or omissions giving rise to the claims occurred in Palm Beach County, Florida, which is within this judicial district; and

   c.   Defendants are subject to personal jurisdiction in this district.

6.      Venue is proper in the West Palm Beach Division of the Southern District of Florida pursuant to Local Rule 1.1(b), as the events giving rise to this action occurred in Palm Beach County, Florida.

2

**PARTIES**

7. At all times material thereto, Plaintiff, JANE DOE, was and is a resident of Palm Beach County, Florida, and is *sui juris*.

8. At all times material hereto, Defendant FEELEY-CARIM was a resident of Palm Beach County, Florida, is *sui juris*, and was employed by the City of West Palm Beach Police Department as a sworn police officer, badge number 2374.

9. At all times material hereto, Defendant FEELEY-CARIM was acting under color of state law, to wit: the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and the City of West Palm Beach and the City of West Palm Beach Police Department.

10. At all times material hereto, Defendant FEELEY-CARIM was an agent, servant, and/or employee of the City of West Palm Beach, was acting within the course and scope of his employment with the City of West Palm Beach Police Department, and was acting in his capacity as a law enforcement officer.

11. Defendant CITY OF WEST PALM BEACH is a Florida municipal corporation and political subdivision of the State of Florida, and is authorized to sue and be sued under Florida law, with its principal place of business located at 401 Clematis Street, West Palm Beach, Florida 33401.

12. Defendant CITY OF WEST PALM BEACH operates and maintains the West Palm Beach Police Department, located at 600 Banyan Boulevard, West Palm Beach, Florida 33401.

13. Defendant CITY OF WEST PALM BEACH is responsible for the employment screening, hiring, training, supervision, retention, and discipline of its police officers, including Officer FEELEY-CARIM.

14.     Defendant CITY OF WEST PALM BEACH is a "person" within the meaning of 42 U.S.C. § 1983 and is subject to suit under that statute.

## CONDITIONS PRECEDENT

15.     On or about July 9, 2025, JANE DOE provided written notice of her claim, via Certified mail, and pursuant to section §768.28 of the Florida Statutes, to the CITY OF WEST PALM BEACH, West Palm Beach Police Department, and State of Florida Department of Financial Services. Copies of the letters and delivery confirmation are attached as "Composite Exhibit A." The Department of Financial Services or the appropriate agency failed to make final disposition of the claim within six (6) months, which is deemed a final denial of the claim. Upon information and belief, all conditions precedent have been complied with or waived.

## GENERAL ALLEGATIONS

**City of West Palm Beach Police Department: Prior Pattern of Misconduct**

16.     CITY OF WEST PALM BEACH POLICE Department officers have alarmingly, and increasingly, committed violations of criminal law and engaged in other improper conduct.

17.     For example, since 2022, the CITY OF WEST PALM BEACH Police Department has also had to arrest its own officers for: using excessive force, falsifying reports, aggravated assault, financial misconduct, violating multiple department policies in high chase pursuits, leaving the scene of accidents without rendering aid, and financial improprieties, among other violations.

18.     Included among these arrestees is CITY OF WEST PALM BEACH Police Officer James Matthew Bush, who was arrested in July 2024 for attempted sexual battery and robbery, among other allegations, including efforts to coerce a female civilian into engaging in oral sex during a domestic dispute call, and currently awaiting trial.

19.     This alarmingly high number of serious criminal law violations on the part of CITY OF WEST PALM BEACH Police Officers is symptomatic of a culture of lawlessness within the Department that has remained uncorrected over an extended period of time.

20.     The total number and specific details of criminal violations committed by the CITY OF WEST PALM BEACH officers that have not resulted in charges filed against CITY OF WEST PALM BEACH Police Department officers is unknown but is expected to be subject to be determined at least in part through the process of pre-trial discovery.

21.     The CITY OF WEST PALM BEACH Police Department, and in particular its Chief Antonio "Tony" Araujo, are on notice of this pattern of criminality and improper conduct within the Department.  By failing to take appropriate proactive remedial action, including more training and better supervision, the Department is sending the message that officer misconduct will be tolerated and, at most, inadequately addressed after the fact.

**FEELEY CARIM's History**

22.     Officer FEELEY-CARIM was hired as a police officer by the CITY OF WEST PALM BEACH Police Department on September 3, 2024.

23.     Prior to his hiring, and as part of the background investigation conducted by the CITY OF WEST PALM BEACH Police Department, to verify the truthfulness of individuals during investigations or pre-employment selection processes, a Computer Voice Stress Analyzer (CVSA) exam was given to FEELEY-CARIM on May 20, 2024, assessing his truthfulness based on his voice stress patterns. The results as presented in his background investigation report indicated that FEELEY-CARIM "showed signs of stress on multiple questions. A third chart was run, and stress was shown on questions pertaining to drug use, undetected crimes, domestic violence, and

*solicitation of sex act*, [FEELEY-CARIM] stated they did not know why they were showing stress on the test" (emphasis added).

24.     Not even six months into Officer FEELEY-CARIM's probationary period, The CITY OF WEST PALM BEACH and its Police Department were on notice of Officer FEELEY-CARIM's propensity for misconduct, abuse of authority, and violations of departmental policies prior to the incident involving Plaintiff.

25.     On or about March 11, 2025, just fifteen (15) days before the sexual assault on Plaintiff JANE DOE, a citizen complaint was received by City of West Palm Beach Police Chief Araujo's office, and referred for further investigation, involving an incident that occurred on February 20, 2025, relating to allegations of sexual misconduct by Officer FEELEY-CARIM during the scope of his employment. An Internal Affairs Investigation was initiated by Sergeant Joseph Preusz, and assigned Case Number: IA 25-048.

26.     Two days later, on or about March 14, 2025, just thirteen (13) days before the sexual assault on Plaintiff JANE DOE, another complainant contacted the CITY OF WEST PALM BEACH Police Department Internal Affairs Office Line, involving a separate February 20, 2025 incident, and allegations of unprofessional conduct toward a female member of the public, improper detention, and unlawful search by Officer FEELEY-CARIM during the scope of his employment. An Internal Affairs Investigation was initiated by Sergeant Joseph Preusz, and assigned Case Number: IA 25-081.

27.     On March 13, 2025, Officer FEELEY-CARIM was notified that he was the subject of an internal affairs investigation involving the first February 20, 2025 incident (IA 25-048). Officer FEELEY-CARIM responded to the internal affairs office and signed the Notice of Investigation form.

28.     However, despite the two pending Internal Affairs investigations (IA 25-048 and IA 25-081), the City permitted Officer FEELEY-CARIM to continue working as a patrol officer with full law enforcement authority at the time.

29.     The City's failure to immediately suspend or otherwise restrict Officer FEELEY-CARIM's duties following the two prior March 11, 2025, and March 13, 2025, IA complaints, allowed him to continue patrolling and coming into contact with vulnerable members of the public, including Plaintiff JANE DOE.

30.     The pattern of misconduct demonstrated by Officer FEELEY-CARIM, including his abuse of authority, unprofessional conduct toward female citizens, and violations of departmental policies, was known or should have been known to the CITY OF WEST PALM BEACH prior to March 26, 2025.

**Feeley-Carim's assault on Plaintiff**

31.     On March 26, 2025, at approximately 10:15 p.m., Plaintiff JANE DOE was sitting in the rear passenger seat of a friend's parked vehicle, while her friend remained seated in the driver's seat in the parking lot of the Walmart store located at 4225 45th Street, West Palm Beach, Florida.

32.     Plaintiff JANE DOE and her friend were parked and engaging in conversation with one another with the vehicle's windows partially down.

33.     Officer FEELEY-CARIM, driving a marked City of West Palm Beach Police Department SUV and wearing his official police uniform, appeared in the parking lot and approached Plaintiff's location without any lawful justification.

34.     Officer FEELEY-CARIM deliberately parked his marked City of West Palm Beach Police Department SUV in a perpendicular direction directly behind the friend's vehicle and

Plaintiff's own vehicle (which was parked parallel next to her friend's), thereby blocking both vehicles and preventing any of them from moving their vehicles in any direction.

35. Officer FEELEY-CARIM's act of blocking the vehicles constituted an unlawful seizure of Plaintiff JANE DOE, as no reasonable person in Plaintiff's position would have felt free to leave under these circumstances.

36. Seconds after blocking the vehicles, Officer FEELEY-CARIM activated his flashlight, exited his marked Police SUV, and approached the driver's side of the friend's vehicle and attempted to open the driver's door but was unable to do so because the door was locked.

37. Officer FEELEY-CARIM then walked to the rear of the vehicle and opened the rear passenger door where Plaintiff JANE DOE was seated. Plaintiff could only observe his body size and shape but could not see his face as he approached her. Without identifying himself at any point, nor providing any lawful reason or justification, and in the absence of both probable cause and reasonable suspicion, Officer FEELEY-CARIM, in a demanding voice, ordered Plaintiff JANE DOE to exit the friend's vehicle while pointing his flashlight towards her and blocking her ability to see his face or name tag.

38. As she exited the vehicle and encountering officer FEELEY-CARIM approximate 6 ft 2 in body height and over 210 pound weight, Plaintiff JANE DOE complied with Officer FEELEY-CARIM's order out of fear and recognition that he was a law enforcement police officer with the authority to arrest her.

39. Officer FEELEY-CARIM then ordered Plaintiff JANE DOE to walk a few steps and to stand in the small space between his police SUV and the two other vehicles, thereby successfully confining and restraining Plaintiff to a limited area against her will and without any legal justification.

40. At no time did Officer FEELEY-CARIM inform Plaintiff that she was under arrest, that she was being detained for investigation of any crime, or that she was free to leave.

41. At no time did Officer FEELEY-CARIM have reasonable suspicion or probable cause to detain, stop, or arrest Plaintiff JANE DOE.

42. While Plaintiff JANE DOE stood confined in the small space dictated by the Officer, FEELEY-CARIM began conversing with Plaintiff changing his initial authoritative tone and making sexually suggestive and lewd comments to Plaintiff while keeping one of his hands close to his firearm and continuing with his other hand to shine his flashlight on her face.

43. Officer FEELEY-CARIM then ordered Plaintiff JANE DOE to perform a 360-degree turn while he pointed his flashlight up and down illuminating her body and face, and telling Plaintiff she was "pretty" and "looked beautiful."

44. Officer FEELEY-CARIM's conduct and statements were sexual in nature and were such as to humiliate, degrade, and intimidate Plaintiff JANE DOE.

45. After subjecting Plaintiff JANE DOE to this degrading conduct, Officer FEELEY-CARIM then told Plaintiff if she wanted to "fuck him now which Plaintiff interpreted as if he believed that she had been engaging in sexual contact with her friend prior to FEELEY-CARIM's arrival, which she wasn't. Plaintiff was shocked, terrified, and paralyzed with fear, but was able to respond with a "no" and begged him to let her go home to be with her children.

46. The rejection of Officer FEELEY-CARIM's lewd proposition did not deter him from continuing his verbal sexual assault and misconduct. Rather, seeing Plaintiff's vulnerable and frightened state, Officer FEELEY-CARIM escalated his unlawful conduct and ordered Plaintiff to move closer to him.

47. At that moment, as Plaintiff JANE DOE walked close to Officer FEELEY-CARIM while he kept one of his hands close to his firearm, FEELEY-CARIM had an erection, which became visible to Plaintiff as she looked down and noticed his erection through his uniform pants.

48. Officer FEELEY-CARIM then ordered plaintiff JANE DOE to get closer and touch his genitals with her hands, specifically to feel his erect penis.

49. Officer FEELEY-CARIM's words to Plaintiff JANE DOE were: "*feel it, just touch it, [his penis] ... just touch it for a second*." Afraid for her life and safety, Plaintiff touched FEELEY-CARIM's penis over his uniform for a few seconds and then stopped.

50. Afterwards, FEELEY-CARIM told Plaintiff JANE DOE to do another 360 degree turn while he pointed his flashlight again towards her, blocking her view of him.

51. Officer FEELEY-CARIM's conduct constituted sexual battery and assault, and demonstrated a blatant, willful, and deliberate disregard for Plaintiff JANE DOE's bodily integrity, autonomy, dignity, and constitutional rights.

52. Throughout this encounter, Officer FEELEY-CARIM used his position of authority as a law enforcement officer, his police uniform, firearm and flashlight, his marked police vehicle, and the implicit threat of arrest or other adverse consequences to coerce Plaintiff JANE DOE's submission to his unlawful demands.

53. Plaintiff JANE DOE was in fear for her safety and physical well-being and believed that if she did not comply with any of FEELEY-CARIM's demands, he would arrest her, physically harm her, or cause her other injury.

54. Officer FEELEY-CARIM used implicit and explicit threats and coercion to overcome Plaintiff JANE DOE's will and maintain her unlawful confinement.

55.     Specifically, after forcing Plaintiff JANE DOE to touch his penis, Officer FEELEY-CARIM told Plaintiff JANE DOE to send her male friend away. As she tried to process what he was demanding, FEELEY-CARIM said to her again to tell her friend now or "it was going to get a lot worse for [her]."

56.     This statement constituted a direct threat that Officer FEELEY-CARIM would continue to escalate his abuse and unlawful conduct if Plaintiff JANE DOE did not comply with his demands.

57.     In response to Officer FEELEY-CARIM's threats, and in fear for her safety, Plaintiff JANE DOE walked towards her friend's vehicle, grabbed her personal items and told her male friend to leave the scene, and the friend immediately complied. At that point, she walked towards her vehicle and waited outside her driver's door.

58.     Simultaneously, Officer FEELEY-CARIM returned to his vehicle and backed his Police SUV just enough to allow the friend's vehicle to leave the parking lot and directing him with his flashlight to get out and leave the parking lot. However, Officer FEELEY-CARIM positioned his police SUV in front of Plaintiff's vehicle, continuing to block her ability to leave, and thereby maintaining her unlawful confinement and detention.

59.     This tactical maneuver by Officer FEELEY-CARIM was deliberate and calculated to isolate Plaintiff JANE DOE from any potential witness or assistance while maintaining complete control over her movement and freedom.

60.     Plaintiff JANE DOE, now alone in the parking lot with Officer FEELEY-CARIM and with her vehicle still blocked, begged Officer FEELEY CARIM one more time to let her leave too.

61.     Without existing his vehicle, Officer FEELEY-CARIM ignored Plaintiff's pleas as he observed her crying and clearly shaken by what was occurring. However, he suddenly retracted as

he looked at his surroundings and noticed a video surveillance camera in the Walmart parking lot, which the Plaintiff noticed as well for the first time.

62.     At that instance, Officer FEELEY-CARIM told Plaintiff JANE DOE, to "not tell anyone about [the encounter]." Fearing further abuse and hoping he would listen, Plaintiff immediately responded: "no, you are good. I won't tell anyone about this. Please let me go."

63.     Officer FEELEY-CARIM's threat to Plaintiff JANE DOE not to disclose his misconduct was intended to silence Plaintiff and prevent her from reporting his criminal conduct.

64.     Only after Plaintiff JANE DOE was coerced by Officer FEELEY-CARIM to stay silent, did Officer Feeley-Carim smile and drive away from the parking lot at a high rate of speed.

65.     The entire encounter lasted approximately fifteen to twenty minutes as recorded by a nearby video camera from the next door business, and during which Plaintiff JANE DOE was unlawfully confined, threatened, sexually harassed, and sexually assaulted by Officer FEELEY-CARIM.

66.     Throughout this encounter, at no point in time did Officer FEELEY-CARIM ever identify himself, nor did he asked Plaintiff and her friend for their identifications, or notify the police dispatch of his whereabouts despite being on duty at the time. Moreover, he did not self-initiate the encounter via his police computer, never activated his Body Worn Camera and never checked the Plaintiff's or her friend's license plates in any law enforcement databases.

67.     Throughout the encounter, Officer FEELEY-CARIM acted with deliberate indifference to Plaintiff JANE DOE's constitutional rights and with conscious disregard for Plaintiff's safety, dignity, and bodily integrity.

68.     After Officer FEELEY-CARIM departed, Plaintiff JANE DOE, completely shaken and traumatized by the encounter, got inside her vehicle.

12

69.     Plaintiff JANE DOE was in a state of shock, fear, and emotional distress. She was crying uncontrollably and shaking. After composing herself sufficiently to drive, Plaintiff JANE DOE began driving home a few seconds after.

**Criminal Charges Against Officer Feeley-Carim**

70.     On or about April 7, 2025, the City of West Palm Beach Police Department received Plaintiff JANE DOE's complaint against Officer FEELEY-CARIM involving allegations of sexual battery and false imprisonment. An internal Investigation Case Number was opened: IA 25-071, and was assigned to Sergeant Joseph Preusz #1760 for further investigation.

71.     On or about April 7, 2025, after Plaintiff JANE DOE's complaint was received, Officer FEELEY-CARIM was finally removed from patrolling and placed on administrative leave with pay pending the investigation.

72.     The Internal affairs investigation (IA 25-071) involving Plaintiff JANE DOE was subsequently tolled due to a newly opened criminal investigation which arose out of Plaintiff's initial complaint and the previous March 11, 2025 citizen complaint, and it was assigned to Sergeant Mark Vertefeuille #1788 for criminal investigation.

73.     On April 16, 2025, Officer FEELEY-CARIM was separated from employment with the CITY OF WEST PALM BEACH Police Department. The previous day, Officer FEELEY-CARIM's manager/supervisor recommended to the CITY OF WEST PALM BEACH to terminate Officer FEELEY-CARIM's probationary employment with the City on the following grounds:

> "Since March 11, 2025, several complaints have been received in reference to Officer Felley-Carim #2374. The complaints have been captured under IA #25-048, 25-071, and 25-081. Two of the complaints allege serious misconduct and are being criminally investigated. These complaints show a pattern of misconduct. Based on this, Officer Feeley-Carim is not meeting standards as a probationary employee."

74.     Upon completion of the criminal investigation involving Officer FEELEY-CARIM's criminal conduct against Plaintiff JANE DOE, and having found probable cause for the arrest of Officer FEELEY-CARIM for one count of Simple Battery and one count of False Imprisonment for the unlawful conduct against Plaintiff JANE DOE, the case was referred to the Office of the State Attorney for the Fifteenth Judicial Circuit for criminal prosecution.

75.     On August 27, 2025, the State Attorney's Office for the Fifteenth Judicial Circuit charged Officer FEELEY-CARIM with the following criminal offenses arising from his conduct toward Plaintiff on March 26, 2025:

   a.  COUNT I: FALSE IMPRISONMENT, in violation of Florida Statute § 787.02(2), a third-degree felony;
   b.  COUNT II: BATTERY, in violation of Florida Statute § 784.03(1), a first-degree misdemeanor.

76. On September 29, 2025, a third charge was added against FEELEY-CARIM for CORRUPT MISUSE OF OFFICIAL POSITION, in violation of Florida Statute § 125.69(1) and Palm Beach County Code Section 2-443(b), Article XIII, a first-degree misdemeanor.

77.     The criminal case against Officer FEELEY-CARIM is pending under Case Number 2025CF006892AMB in the Circuit Court of the Fifteenth Judicial Circuit, Criminal Division "Z", in and for Palm Beach County, Florida.

78.     The criminal charges filed against Officer FEELEY-CARIM corroborate and provide additional evidence of the unlawful conduct alleged in this Complaint.

**Officer Feeley-Carim's Forced Resignation Under Investigation**

79.     Following the initial internal investigations from March and April 2025, Officer FEELEY-CARIM officially resigned from the West Palm Beach Police Department while under investigation.

80.     On or about May 2, 2025, the CITY OF WEST PALM BEACH Police Department Internal Affairs Unit issued a closeout letter regarding Internal Affairs Case IA 25-081 (the separate March 14, 2025, IA complaint) stating that the administrative review concluded with "a finding of resignation under investigation."

81.     Officer FEELEY-CARIM's resignation while under investigation demonstrates consciousness of guilt and is evidence of his awareness of the serious nature of his misconduct.

82.     By resigning, Officer FEELEY-CARIM avoided formal disciplinary proceedings and a termination that would have been reflected in his permanent law enforcement record.

83.     On August 30, 2025, Officer FEELEY-CARIM turned himself in to the Palm Beach County Jail.

**City of West Palm Beach Police Department Policy on Sexual Misconduct**

84.     The CITY OF WEST PALM BEACH Police Department maintains written policies and procedures regarding officer conduct and sexual misconduct.

85.     The Department's policies, which incorporate federal law standards, recognize that law enforcement officers who engage in nonconsensual sexual contact with persons in their custody deprive those persons of liberty without due process of law, which includes the right to bodily integrity.

86.     The Department's policies recognize that sexual misconduct by law enforcement officers includes, but is not limited to, sexual assault without consent, sexual contact procured by force, threat of force or coercion, and unwanted or gratuitous sexual contact such as touching or groping.

87. The Department's policies further recognize that to establish lack of consent or submission, it must be shown that the officer used either force or coercion to overcome the victim's will, and that actual violence is not necessary to establish coercion.

88. The Department's policies explicitly state that coercion may exist if a victim is told that an officer will bring false charges or cause the victim to suffer unjust punishment.

89. Despite having these policies in place, the City of West Palm Beach and The Department of Police, failed to adequately train its officers, including Officer FEELEY-CARIM, on the constitutional prohibitions against sexual misconduct and the proper treatment of citizens during police encounters.

90. Despite having these policies in place, the CITY OF WEST PALM BEACH and the Police Department maintained customs and practices of inadequate supervision, investigation, and discipline of officers who engaged in misconduct toward female citizens.

91. Despite having knowledge of Officer FEELEY-CARIM's pattern of misconduct as evidenced by both the March 11, 2025, and March 14, 2025 Internal Affairs complaints, and the concerns raised by the pre-hiring background check, the CITY OF WEST PALM BEACH placed Officer FEELEY-CARIM in a position of authority and failed to take appropriate action to prevent future misconduct.

**Defendant City of West Palm Beach's Deliberate Indifference and Monell Liability**

92. Defendant CITY OF WEST PALM BEACH, through its Police Department, had actual notice of Officer FEELEY-CARIM's propensity for misconduct, abuse of authority, and violations of constitutional rights prior to March 26, 2025, as evidenced by two pending Internal Affairs investigations initiated in mid-March 2025.

93. Despite having actual notice of two separate instances of Officer FEELEY-CARIM's misconduct about two weeks before the assault on Plaintiff, Defendant CITY OF WEST PALM BEACH failed to suspend Officer FEELEY-CARIM at the time, restrict his duties, provide additional training or supervision, or take any meaningful preventive or corrective action.

94. Defendant CITY OF WEST PALM BEACH's failure to act on the prior complaints against Officer FEELEY-CARIM constituted deliberate indifference to the rights of citizens, including Plaintiff JANE DOE, who came into contact with Officer FEELEY-CARIM less than two weeks later.

95. Defendant CITY OF WEST PALM BEACH maintained a custom, policy, or practice of failing to adequately investigate, discipline, or terminate police officers who engaged in misconduct, sexual harassment, or abuse of authority toward members of the public, particularly women.

96. Defendant CITY OF WEST PALM BEACH maintained a custom, policy, or practice of allowing officers with sustained complaints of misconduct to continue working in full law enforcement capacity without appropriate supervision or corrective action.

97. Defendant CITY OF WEST PALM BEACH maintained a custom, policy, or practice of inadequate training regarding constitutional rights, proper police-citizen interactions, and the prohibition against sexual misconduct by law enforcement officers.

98. Defendant CITY OF WEST PALM BEACH maintained a custom, policy, or practice of failing to properly supervise and monitor officers who had demonstrated patterns of misconduct.

99. Defendant CITY OF WEST PALM BEACH's policies, customs, and practices were the moving force behind Officer FEELEY-CARIM's violation of Plaintiff JANE DOE's constitutional rights.

17

100.     Defendant CITY OF WEST PALM BEACH's deliberate indifference to the known risks posed by Officer FEELEY-CARIM directly and proximately caused the violations of Plaintiff JANE DOE's constitutional rights and the injuries and damages suffered by Plaintiff.

101.     Defendant CITY OF WEST PALM BEACH's failure to act despite actual knowledge of Officer FEELEY-CARIM's pattern of misconduct ratified Officer Feeley-Carim's unconstitutional conduct against Plaintiff JANE DOE.

102.     As a direct and proximate result of the conduct of Defendants FEELEY-CARIM and CITY OF WEST PALM BEACH, Plaintiff JANE DOE has suffered and continues to suffer severe physical, psychological, and emotional injuries.

103.     Defendants' conduct was willful, wanton, malicious, oppressive, and demonstrated a reckless indifference to Plaintiff's rights, thereby entitling Plaintiff JANE DOE to an award of punitive damages.

## COUNT I - 42 U.S.C. § 1983 - VIOLATION OF PLAINTIFF'S CIVIL RIGHTS - FOURTH AMENDMENT UNREASONABLE SEIZURE, AND FALSE IMPRISONMENT
### (Against Defendant Feeley-Carim)

104.     Plaintiff realleges and incorporates by reference paragraphs 1 through 103 as if fully set forth herein.

105.     At all times material to this Complaint, Defendant FEELEY-CARIM was acting under color of state law within the meaning of 42 U.S.C. § 1983.

106.     The Fourth Amendment to the United States Constitution protects individuals from unreasonable seizures and provides that no person shall be deprived of liberty without probable cause.

107.    Defendant FEELEY-CARIM seized Plaintiff JANE DOE by blocking her vehicle with his police SUV, ordering her to exit her friend's vehicle, and confining her to a small space between the vehicles as described in paragraphs 31-69.

108.    Defendant FEELEY-CARIM arrested and/or detained Plaintiff JANE DOE without probable cause or reasonable suspicion that Plaintiff had committed, was committing, or was about to commit any crime.

109.    Defendant FEELEY-CARIM intentionally and unlawfully restrained Plaintiff JANE DOE's freedom of movement and liberty.

110.    No reasonable officer in Defendant FEELEY-CARIM's position would have believed that there was probable cause or reasonable suspicion to seize, detain, or arrest Plaintiff JANE DOE.

111.    Defendant FEELEY-CARIM's seizure and detention of Plaintiff JANE DOE was objectively unreasonable and violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.

112.    Defendant FEELEY-CARIM falsely imprisoned Plaintiff JANE DOE by intentionally and unlawfully restraining her freedom of movement without legal justification as described in paragraphs 31-69.

113.    Defendant FEELEY-CARIM continued to falsely imprison Plaintiff JANE DOE by blocking her vehicle with his police SUV, preventing her from leaving, and maintaining control over her movement through threats and coercion.

114.    As a direct and proximate result of Defendant FEELEY-CARIM's violation of Plaintiff JANE DOE's Fourth Amendment rights, Plaintiff suffered the damages and injuries alleged herein.

WHEREFORE, Plaintiff JANE DOE demands judgment against Defendant OFFICER FEELEY-CARIM for compensatory and punitive damages, costs, attorneys' fees pursuant to 42 U.S.C. § 1988, and such other relief as this Court deems just and proper.

**COUNT II - 42 U.S.C. § 1983 - VIOLATION OF PLAINTIFF'S CIVIL RIGHTS - FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS - RIGHT TO BODILY INTEGRITY SEXUAL ASSAULT AND BATTERY**
**(Against Defendant Feeley-Carim)**

115.    Plaintiff realleges and incorporates by reference paragraphs 1 through 103 as if fully set forth herein.

116.    The Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from deprivations of liberty without due process of law.

117.    The right to bodily integrity and to be free from unwanted physical and sexual contact is a fundamental liberty interest protected by the substantive due process clause of the Fourteenth Amendment.

118.    At all times material to this Complaint, Defendant FEELEY-CARIM was acting under color of state law within the meaning of 42 U.S.C. § 1983.

119.    Defendant FEELEY-CARIM intentionally and unlawfully subjected Plaintiff JANE DOE to unwanted sexual contact, including:

   a.   Ordering Plaintiff to perform a 360-degree turn while he inspected her body;

   b.   Making sexually explicit and lewd comments to Plaintiff;

   c.   Propositioning Plaintiff for sex by asking if she wanted to "fuck";

   d.   Exposing his erect penis through his uniform; and

   e.   Demanding that Plaintiff touch his erect penis with statements such as "feel it... it is ready for you, just touch it."

20

120.    Defendant FEELEY-CARIM's conduct was sexual in nature and was done with the intent to abuse, humiliate, harass, and degrade the Plaintiff, and to gratify Defendant Feeley-Carim's own sexual desires.

121.    Defendant FEELEY-CARIM used force, threats, coercion, and his position of authority to overcome Plaintiff JANE DOE's will and to compel Plaintiff's submission to his unlawful sexual demands as described in paragraphs 34-69.

122.    Defendant FEELEY-CARIM's conduct shocks the conscience and violates contemporary standards of decency.

123.    Defendant FEELEY-CARIM's sexual assault on Plaintiff JANE DOE constituted a gross abuse of his authority and power as a law enforcement officer.

124.    Defendant FEELEY-CARIM's conduct was not undertaken for any legitimate law enforcement purpose but was instead undertaken to satisfy his own illicit sexual gratification at the expense of Plaintiff's constitutional rights.

125.    Defendant FEELEY-CARIM's conduct deprived Plaintiff JANE DOE of her fundamental liberty interest in bodily integrity without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

126.    As a direct and proximate result of Defendant FEELEY-CARIM's violation of Plaintiff JANE DOE's Fourteenth Amendment rights, Plaintiff suffered the damages and injuries alleged herein.

WHEREFORE, Plaintiff JANE DOE demands judgment against Defendant FEELEY-CARIM for compensatory and punitive damages, costs, attorneys' fees pursuant to 42 U.S.C. § 1988, and such other relief as this Court deems just and proper.

## COUNT III - 42 U.S.C. § 1983 - DEPRIVATION OF PLAINTIFF'S CIVIL RIGHTS
## MUNICIPAL LIABILITY UNDER MONELL
### (Against Defendant City of West Palm Beach)

127.   Plaintiff realleges and incorporates by reference paragraphs 1 through 103 as if fully set forth herein.

128.   Defendant CITY OF WEST PALM BEACH is a "person" subject to liability under 42 U.S.C. § 1983.

129.   Defendant CITY OF WEST PALM BEACH is liable under 42 U.S.C. § 1983 because the violations of Plaintiff JANE DOE's constitutional rights were caused by the City's policies, customs, and practices, and/or by the City's deliberate indifference to Plaintiff's constitutional rights.

130.   Defendant CITY OF WEST PALM BEACH maintained an unconstitutional policy, custom, or practice of failing to adequately train its police officers regarding:

a.   The constitutional prohibition against unreasonable seizures;

b.   The constitutional prohibition against sexual assault and misconduct by law enforcement officers;

c.   The proper conduct of police-citizen encounters;

d.   The recognition and respect for citizens' Fourth and Fourteenth Amendment rights;

e.   The prohibition against abuse of authority and position; and

f.   The proper treatment of vulnerable populations, including women.

131.   Defendant CITY OF WEST PALM BEACH's failure to train its officers was deliberate and demonstrated deliberate indifference to the rights of persons with whom its police officers came into contact.

132. The need for additional or different training by Defendant CITY OF WEST PALM BEACH was obvious and the inadequacy of the training was likely to result in violations of constitutional rights.

133. Defendant CITY OF WEST PALM BEACH maintained an unconstitutional policy, custom, or practice of failing to adequately supervise its police officers, including officers such as Officer Feeley-Carim who had demonstrated patterns of misconduct.

134. Defendant CITY OF WEST PALM BEACH maintained an unconstitutional policy, custom, or practice of failing to investigate complaints of officer misconduct in a timely and thorough manner.

135. Defendant CITY OF WEST PALM BEACH maintained an unconstitutional policy, custom, or practice of failing to discipline officers who engaged in misconduct, particularly misconduct toward female citizens.

136. Defendant CITY OF WEST PALM BEACH maintained an unconstitutional policy, custom, or practice of allowing officers with sustained findings of misconduct to remain on active duty with full law enforcement authority without appropriate restrictions or corrective measures.

137. Defendant CITY OF WEST PALM BEACH had actual knowledge of Officer Feeley-Carim's pattern of misconduct as evidenced by the Internal Affairs complaints initiated on March 11, 2025, and March 14, 2025, less than two weeks before the assault on Plaintiff JANE DOE as described in paragraphs 24-30.

138. Despite having actual knowledge of Officer Feeley-Carim's pattern of misconduct, Defendant CITY OF WEST PALM BEACH failed to take any preventive or corrective action and allowed Officer Feeley-Carim to continue working as a patrol officer with full authority to interact with members of the public.

23

139.     Defendant CITY OF WEST PALM BEACH's failure to act despite actual knowledge of Officer Feeley-Carim's dangerous propensities constituted deliberate indifference to the constitutional rights of persons, including Plaintiff JANE DOE, who came into contact with Officer Feeley-Carim.

140.     Defendant CITY OF WEST PALM BEACH's customs, policies, and practices were the moving force behind the constitutional violations suffered by Plaintiff JANE DOE.

141.     There is a direct causal link between Defendant CITY OF WEST PALM BEACH's policies, customs, and practices and the violations of Plaintiff's constitutional rights.

142.     Defendant CITY OF WEST PALM BEACH's deliberate indifference to the known risks posed by Officer Feeley-Carim directly and proximately caused the violations of Plaintiff JANE DOE's constitutional rights.

143.     Defendant CITY OF WEST PALM BEACH's conduct in failing to take corrective action despite actual knowledge of Officer Feeley-Carim's pattern of misconduct ratified Officer Feeley-Carim's unconstitutional conduct.

144.     As a direct and proximate result of Defendant CITY OF WEST PALM BEACH's policies, customs, and practices, and the City's deliberate indifference to Plaintiff JANE DOE's constitutional rights, Plaintiff suffered the damages and injuries alleged herein.

WHEREFORE, Plaintiff JANE DOE demands judgment against Defendant CITY OF WEST PALM BEACH for compensatory damages, costs, attorneys' fees pursuant to 42 U.S.C. § 1988, and such other relief as this Court deems just and proper.

24

## COUNT IV - BATTERY
### (Against Defendant Officer Feeley-Carim)

145.    Plaintiff realleges and incorporates by reference paragraphs 1 through 103 as if fully set forth herein.

146.    Defendant FEELEY-CARIM intentionally touched or struck Plaintiff JANE DOE against her will.

147.    Specifically, Defendant FEELEY-CARIM:

   a.   Made unwanted physical contact with Plaintiff during the encounter;

   b.   Positioned his body in close proximity to Plaintiff in a threatening and intimidating manner; and

   c.   Coerced Plaintiff into touching his genitals.

148.    Defendant FEELEY-CARIM's touching of Plaintiff JANE DOE was intentional, harmful, offensive, and without Plaintiff's consent.

149.    Defendant FEELEY-CARIM's conduct would be offensive to a reasonable person of ordinary sensibilities.

150.    Defendant FEELEY-CARIM's battery upon Plaintiff JANE DOE was willful, wanton, and malicious.

151.    As a direct and proximate result of Defendant FEELEY-CARIM's battery, Plaintiff JANE DOE suffered the damages and injuries alleged herein, including severe emotional distress, humiliation, and trauma.

152.    Defendant FEELEY-CARIM's conduct was willful, wanton, malicious, and demonstrated a reckless disregard for Plaintiff JANE DOE's rights, thereby entitling Plaintiff to punitive damages.

25

WHEREFORE, Plaintiff JANE DOE demands judgment against Defendant FEELEY-CARIM for compensatory and punitive damages, costs, and such other relief as this Court deems just and proper.

### COUNT V - VICARIOUS LIABILITY FOR BATTERY
**(Against Defendant City of West Palm Beach)**

153. Plaintiff realleges and incorporates by reference paragraphs 1 through 103 as if fully set forth herein.

154. At all times material to this Complaint, Officer Feeley-Carim was acting within the course and scope of his employment with Defendant CITY OF WEST PALM BEACH.

155. At all times material to this Complaint, Officer Feeley-Carim was acting as an agent, servant, and/or employee of Defendant CITY OF WEST PALM BEACH.

156. Officer Feeley-Carim committed a battery upon Plaintiff JANE DOE as alleged in Count IV above.

157. Defendant CITY OF WEST PALM BEACH is vicariously liable for the battery committed by Officer Feeley-Carim under the doctrine of respondeat superior.

158. Defendant CITY OF WEST PALM BEACH is independently liable for the battery committed by Officer Feeley-Carim because the City:

    a. Had actual knowledge of Officer Feeley-Carim's propensity for misconduct and abuse;

    b. Failed to adequately train, supervise, and discipline Officer Feeley-Carim;

    c. Negligently retained Officer Feeley-Carim despite knowledge of his dangerous propensities; and

    d. Ratified Officer Feeley-Carim's conduct through its customs, policies, and practices.

26

159. As a direct and proximate result of Defendant CITY OF WEST PALM BEACH's conduct and the battery committed by its employee, Officer Feeley-Carim, Plaintiff JANE DOE suffered the damages and injuries alleged herein.

WHEREFORE, Plaintiff JANE DOE demands judgment against Defendant CITY OF WEST PALM BEACH for compensatory damages, costs, and such other relief as this Court deems just and proper.

## COUNT VI - ASSAULT
### (Against Defendant Officer Feeley-Carim)

160. Plaintiff realleges and incorporates by reference paragraphs 1 through 103 as if fully set forth herein.

161. Defendant FEELEY-CARIM intentionally threatened and placed Plaintiff JANE DOE in imminent fear of harmful or offensive physical contact.

162. Specifically, Defendant FEELEY-CARIM:

a. Approached Plaintiff in an aggressive and threatening manner;

b. Used his position of authority, uniform, firearm, and police vehicle to intimidate Plaintiff;

c. Made explicit threats that "it was going to get a lot worse" for Plaintiff if she did not comply with his demands;

d. Ordered Plaintiff to touch his erect penis;

e. Positioned his body in close proximity to Plaintiff in a sexually aggressive and threatening manner;

f. Threatened Plaintiff not to tell anyone about the incident; and

g. Followed Plaintiff as she drove home, further threatening and intimidating her.

27

163.   Defendant FEELEY-CARIM had the apparent ability to carry out the threatened harmful or offensive contact.

164.   Plaintiff JANE DOE was placed in imminent fear and apprehension of harmful or offensive physical contact as a result of Defendant FEELEY-CARIM's conduct.

165.   A reasonable person in Plaintiff's position would have been placed in fear of imminent harmful or offensive contact.

166.   Defendant FEELEY-CARIM's assault upon Plaintiff JANE DOE was intentional and without justification.

167.   Defendant FEELEY-CARIM's conduct was willful, wanton, and malicious.

168.   As a direct and proximate result of Defendant FEELEY-CARIM's assault, Plaintiff JANE DOE suffered the damages and injuries alleged herein, including severe emotional distress, fear, and trauma.

169.   Defendant FEELEY-CARIM's conduct was willful, wanton, malicious, and demonstrated a reckless disregard for Plaintiff JANE DOE's rights, thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff JANE DOE demands judgment against Defendant FEELEY-CARIM for compensatory and punitive damages, costs, and such other relief as this Court deems just and proper.

**COUNT VII - VICARIOUS LIABILITY FOR ASSAULT**
**(Against Defendant City of West Palm Beach)**

170.   Plaintiff realleges and incorporates by reference paragraphs 1 through 103 as if fully set forth herein.

28

171.     At all times material to this Complaint, Officer Feeley-Carim was acting within the course and scope of his employment with Defendant CITY OF WEST PALM BEACH.

172.     At all times material to this Complaint, Officer Feeley-Carim was acting as an agent, servant, and/or employee of Defendant CITY OF WEST PALM BEACH.

173.     Officer Feeley-Carim committed an assault upon Plaintiff JANE DOE as alleged in Count VI above.

174.     Defendant CITY OF WEST PALM BEACH is vicariously liable for the assault committed by Officer Feeley-Carim under the doctrine of respondeat superior.

175.     Defendant CITY OF WEST PALM BEACH is independently liable for the assault committed by Officer Feeley-Carim against the Plaintiff JANE DOE because the City:

   a.   Had actual knowledge of Officer Feeley-Carim's propensity for misconduct and abuse;

   b.   Failed to adequately train, supervise, and discipline Officer Feeley-Carim;

   c.   Negligently retained Officer Feeley-Carim despite knowledge of his dangerous propensities; and

   d.   Ratified Officer Feeley-Carim's conduct through its customs, policies, and practices.

176.     As a direct and proximate result of Defendant CITY OF WEST PALM BEACH's conduct and the assault committed by its employee, Officer Feeley-Carim, Plaintiff JANE DOE suffered the damages and injuries alleged herein.

WHEREFORE, Plaintiff JANE DOE demands judgment against Defendant City of West Palm Beach for compensatory damages, costs, and such other relief as this Court deems just and proper.

## COUNT VIII - FALSE IMPRISONMENT
### (Against Defendant Officer Feeley-Carim)

177.    Plaintiff realleges and incorporates by reference paragraphs 1 through 103 as if fully set forth herein.

178.    Defendant FEELEY-CARIM intentionally and unlawfully restrained, confined, detained, and imprisoned Plaintiff JANE DOE against her will and without legal authority or justification.

179.    Defendant FEELEY-CARIM confined and restrained Plaintiff JANE DOE by:

   a.   Blocking Plaintiff's friend's vehicle and Plaintiff's own vehicle with his police SUV;

   b.   Ordering Plaintiff to exit the vehicle and stand in a confined space;

   c.   Maintaining control over Plaintiff through threats, coercion, and his position of authority;

   d.   Continuing to block Plaintiff's vehicle after her friend departed; and

   e.   Using implicit and explicit threats of arrest or harm to prevent Plaintiff from leaving.

180.    Plaintiff JANE DOE was conscious of the confinement and did not consent to it.

181.    Defendant FEELEY-CARIM had no legal authority or justification to confine or restrain Plaintiff.

182.    Defendant FEELEY-CARIM did not have probable cause or reasonable suspicion to detain or arrest Plaintiff.

183.    Plaintiff JANE DOE remained confined and restrained for approximately -15-20 minutes.

30

184. As a direct and proximate result of Defendant FEELEY-CARIM's false imprisonment, Plaintiff JANE DOE suffered the damages and injuries alleged herein, including severe emotional distress, fear, humiliation, and loss of liberty.

185. Defendant FEELEY-CARIM's false imprisonment of Plaintiff JANE DOE was willful, wanton, malicious, and demonstrated a reckless disregard for Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff JANE DOE demands judgment against Defendant FEELEY-CARIM for compensatory and punitive damages, costs, and such other relief as this Court deems just and proper.

## COUNT IX - VICARIOUS LIABILITY FOR FALSE IMPRISONMENT
### (Against Defendant City of West Palm Beach)

186. Plaintiff realleges and incorporates by reference paragraphs 1 through 103 as if fully set forth herein.

187. At all times material to this Complaint, Officer Feeley-Carim was acting within the course and scope of his employment with Defendant CITY OF WEST PALM BEACH.

188. At all times material to this Complaint, Officer Feeley-Carim was acting as an agent, servant, and/or employee of Defendant CITY OF WEST PALM BEACH.

189. Officer Feeley-Carim falsely imprisoned Plaintiff JANE DOE as alleged in Count VIII above.

190. Defendant CITY OF WEST PALM BEACH is vicariously liable for the false imprisonment of Plaintiff JANE DOE committed by Officer Feeley-Carim under the doctrine of respondeat superior.

191.   Defendant CITY OF WEST PALM BEACH is independently liable for the false imprisonment committed by Officer Feeley-Carim because the City:

 a. Had actual knowledge of Officer Feeley-Carim's propensity for misconduct and unlawful detention;

 b. Failed to adequately train, supervise, and discipline Officer Feeley-Carim;

 c. Negligently retained Officer Feeley-Carim despite knowledge of his dangerous propensities; and

 d. Ratified Officer Feeley-Carim's conduct through its customs, policies, and practices.

192.   As a direct and proximate result of Defendant CITY OF WEST PALM BEACH's conduct and the false imprisonment committed by its employee, Officer Feeley-Carim, Plaintiff JANE DOE suffered the damages and injuries alleged herein.

WHEREFORE, Plaintiff JANE DOE demands judgment against Defendant CITY OF WEST PALM BEACH for compensatory damages, costs, and such other relief as this Court deems just and proper.

## COUNT X - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendant Officer Feeley-Carim)

193.   Plaintiff realleges and incorporates by reference paragraphs 1 through 103 as if fully set forth herein.

194.   Defendant FEELEY-CARIM engaged in extreme and outrageous conduct toward Plaintiff JANE DOE.

195.   Defendant FEELEY-CARIM's conduct included:

 a. Unlawfully detaining and confining Plaintiff;

32

b. Sexually assaulting Plaintiff by making lewd comments, propositioning her for sex, exposing his erect penis, and demanding that she touch his genitals;

c. Using threats, coercion, and intimidation to maintain control over Plaintiff;

d. Threatening Plaintiff with adverse consequences if she did not comply with his demands;

e. Ordering Plaintiff to send her friend away, isolating her from any witness or assistance; and

f. Threatening Plaintiff not to tell anyone about the incident.

196. Defendant FEELEY-CARIM's conduct was so extreme in degree and so outrageous in character as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

197. Defendant FEELEY-CARIM's conduct was especially heinous because he used his position as a law enforcement officer, his uniform, and his police vehicle to intimidate, threaten, and sexually assault Plaintiff JANE DOE.

198. Defendant FEELEY-CARIM intended to cause Plaintiff JANE DOE severe emotional distress, or acted with reckless disregard as to whether his conduct would cause Plaintiff severe emotional distress.

199. Defendant FEELEY-CARIM's conduct did in fact cause Plaintiff JANE DOE to suffer severe emotional distress.

200. As a direct and proximate result of Defendant FEELEY-CARIM's intentional infliction of emotional distress, Plaintiff JANE DOE has suffered and continues to suffer severe emotional and psychological injuries, including but not limited to post-traumatic stress disorder, anxiety, depression, nightmares, fear, humiliation, loss of dignity, and loss of enjoyment of life.

201.    Defendant FEELEY-CARIM's conduct was willful, wanton, malicious, and demonstrated a reckless disregard for Plaintiff's rights and well-being, thereby entitling Plaintiff JANE DOE to punitive damages.

WHEREFORE, Plaintiff JANE DOE demands judgment against Defendant FEELEY-CARIM for compensatory and punitive damages, costs, and such other relief as this Court deems just and proper.

### COUNT XI - VICARIOUS LIABILITY FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against Defendant City of West Palm Beach)**

202.    Plaintiff realleges and incorporates by reference paragraphs 1 through 103 as if fully set forth herein.

203.    At all times material to this Complaint, Officer Feeley-Carim was acting within the course and scope of his employment with Defendant CITY OF WEST PALM BEACH.

204.    At all times material to this Complaint, Officer Feeley-Carim was acting as an agent, servant, and/or employee of Defendant CITY OF WEST PALM BEACH.

205.    Defendant CITY OF WEST PALM BEACH is vicariously liable for Officer Feeley-Carim's intentional infliction of emotional distress upon Plaintiff under the doctrine of respondeat superior.

206.    Defendant CITY OF WEST PALM BEACH is independently liable for intentional infliction of emotional distress because:

   a. The City had actual knowledge of Officer Feeley-Carim's propensity for misconduct and abuse toward female citizens;

34

b. The City deliberately failed to take corrective action despite having actual knowledge of the substantial risk that Officer Feeley-Carim would engage in further misconduct;

c. The City's deliberate indifference to the known risks posed by Officer Feeley-Carim was extreme and outrageous; and

d. The City ratified Officer Feeley-Carim's conduct through its failure to act.

207. Defendant CITY OF WEST PALM BEACH's conduct in allowing Officer Feeley-Carim to continue working with full law enforcement authority despite knowledge of his pattern of misconduct was extreme and outrageous.

208. Defendant CITY OF WEST PALM BEACH intended to cause, or acted with reckless disregard as to whether its conduct would cause, severe emotional distress to persons who came into contact with Officer Feeley-Carim, including Plaintiff.

209. Defendant CITY OF WEST PALM BEACH's conduct did in fact cause Plaintiff JANE DOE to suffer severe emotional distress.

210. As a direct and proximate result of Defendant CITY OF WEST PALM BEACH's conduct and Officer Feeley-Carim's intentional infliction of emotional distress, Plaintiff JANE DOE has suffered the damages alleged herein.

WHEREFORE, Plaintiff JANE DOE demands judgment against Defendant CITY OF WEST PALM BEACH for compensatory damages, costs, and such other relief as this Court deems just and proper.

## COUNT XII - NEGLIGENT HIRING, SUPERVISION, RETENTION, AND TRAINING
### (Against Defendant City of West Palm Beach)

211. Plaintiff realleges and incorporates by reference paragraphs 1 through 103 as if fully set forth herein.

212. Defendant CITY OF WEST PALM BEACH had a duty to exercise reasonable care in the hiring, training, supervision, retention, and discipline of its police officers, including Officer Feeley-Carim.

213. Defendant CITY OF WEST PALM BEACH breached its duty of reasonable care by:

a. Failing to conduct adequate background investigations and screening of Officer Feeley-Carim prior to hiring him;

b. Failing to adequately train Officer Feeley-Carim regarding constitutional rights, proper police-citizen interactions, and the prohibition against sexual misconduct;

c. Failing to adequately supervise Officer Feeley-Carim despite knowledge of his pattern of misconduct;

d. Failing to take preventive or corrective action after receiving the Internal Affairs complaints against Officer Feeley-Carim on March 11, 2025, and March 14, 2025;

e. Negligently retaining Officer Feeley-Carim in a position where he had contact with members of the public despite knowledge of his dangerous propensities and pattern of misconduct; and

f. Failing to restrict Officer Feeley-Carim's duties or suspend him pending the outcome of the Internal Affairs investigations.

**Negligent Hiring**

214. Defendant CITY OF WEST PALM BEACH had a duty to exercise reasonable care in hiring police officers and to conduct adequate background investigations to determine whether applicants were suitable for employment as law enforcement officers.

215. Defendant CITY OF WEST PALM BEACH breached this duty by hiring Officer Feeley-Carim without conducting an adequate investigation into his background, character, and fitness for duty as a law enforcement officer.

216. A reasonable and adequate pre-employment investigation BY Defendant CITY OF WEST PALM BEACH would have revealed information that should have disqualified Officer Feeley-Carim from employment as a police officer or should have prompted additional scrutiny and training.

**Negligent Training**

217. Defendant CITY OF WEST PALM BEACH had a duty to adequately train Officer Feeley-Carim regarding:

    a. Constitutional rights and limitations on police authority;

    b. Proper conduct during police-citizen encounters;

    c. The prohibition against sexual misconduct and abuse of authority;

    d. Professional behavior and treatment of citizens, particularly vulnerable populations; and

    e. Appropriate use of police power and the consequences of misuse.

218. Defendant CITY OF WEST PALM BEACH breached its duty by failing to provide adequate training to Officer Feeley-Carim on these critical subjects.

37

219.    Defendant CITY OF WEST PALM BEACH's training was inadequate as evidenced by Officer Feeley-Carim's repeated violations of constitutional rights and departmental policies.

220.    The inadequacy of Defendant CITY OF WEST PALM BEACH's training was a proximate cause of the violations suffered by Plaintiff JANE DOE.

**Negligent Supervision**

221.    Defendant CITY OF WEST PALM BEACH had a duty to adequately supervise Officer Feeley-Carim to ensure that he performed his duties in accordance with constitutional requirements, state law, and departmental policies.

222.    Defendant CITY OF WEST PALM BEACH breached its duty by failing to adequately supervise Officer Feeley-Carim, particularly after receiving notice of his misconduct through the March 11, 2025, and March 14, 2025, citizen complaints.

223.    Despite having actual knowledge of Officer Feeley-Carim's pattern of misconduct, Defendant CITY OF WEST PALM BEACH failed to:

    a.   Increase supervision of Officer Feeley-Carim;

    b.   Monitor Officer Feeley-Carim's interactions with citizens;

    c.   Review Officer Feeley-Carim's body camera footage and reports;

    d.   Provide additional training or counseling;

    e.   Restrict Officer Feeley-Carim's duties; or

    f.   Take any other supervisory measures to prevent future misconduct.

224.    Defendant CITY OF WEST PALM BEACH's failure to adequately supervise Officer Feeley-Carim was a proximate cause of the violations suffered by Plaintiff JANE DOE.

**Negligent Retention**

225.    Defendant CITY OF WEST PALM BEACH had a duty to take appropriate action to discipline or terminate officers who engaged in misconduct and who posed a danger to the public.

226.    Defendant CITY OF WEST PALM BEACH had actual knowledge of Officer Feeley-Carim's unfitness and dangerous propensities through the citizen complaints received on March 11, 2025, and March 14, 2025.

227.    Despite having actual knowledge of Officer Feeley-Carim's unfitness, Defendant CITY OF WEST PALM BEACH negligently retained Officer Feeley-Carim in his position as a patrol officer with full law enforcement authority and continued access to vulnerable members of the public.

228.    Defendant CITY OF WEST PALM BEACH's decision to retain Officer Feeley-Carim despite knowledge of his dangerous propensities was negligent and demonstrated deliberate indifference to the safety and constitutional rights of persons who came into contact with Officer Feeley-Carim.

229.    Defendant CITY OF WEST PALM BEACH's negligent retention of Officer Feeley-Carim was a proximate cause of the violations and injuries suffered by Plaintiff JANE DOE.

230.    At the time of the incident involving Plaintiff on March 26, 2025, Defendant CITY OF WEST PALM BEACH knew or should have known of Officer Feeley-Carim's propensity to engage in the type of conduct that resulted in injury to Plaintiff.

231.    The risk of harm to Plaintiff and other members of the public was foreseeable to Defendant CITY OF WEST PALM BEACH.

232.    A reasonable employer in Defendant CITY OF WEST PALM BEACH's position would have taken immediate preventive or corrective action, including suspension or termination of Officer Feeley-Carim, upon learning of the two separate February 20, 2025 incidents.

233.    As a direct and proximate result of Defendant CITY OF WEST PALM BEACH's negligent hiring, training, supervision, and retention of Officer Feeley-Carim, Plaintiff JANE DOE suffered the injuries and damages alleged herein.

WHEREFORE, Plaintiff JANE DOE demands judgment against Defendant CITY OF WEST PALM BEACH for compensatory damages, costs, and such other relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JANE DOE, respectfully requests that this Court enter judgment in her favor and against Defendants, JUSTICE FEELEY-CARIM and CITY OF WEST PALM BEACH, and award Plaintiff JANE DOE the following relief:

A.    Compensatory damages in an amount to be determined by the jury for all economic and non-economic losses, including but not limited to:

   a.   Past and future medical and psychological treatment expenses;

   b.   Past and future pain and suffering;

   c.   Past and future emotional distress, trauma, anxiety, and mental anguish;

   d.   Past and future loss of enjoyment of life;

   e.   Humiliation and degradation;

   f.   Loss of dignity;

   g.   Fear for personal safety and the safety of Plaintiff's children; and

   h.   All other damages permitted by law.

B.      Punitive damages against Defendants in an amount sufficient to punish them and to deter similar conduct in the future;

C.      Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and as otherwise permitted by law;

D.      Pre-judgment and post-judgment interest as permitted by law;

E.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JANE DOE demands a trial by jury on all issues so triable as a matter of right.

Dated: May 15, 2026                              Respectfully submitted,

*/s/ Jack Scarola*
John Jack Scarola
Florida Bar No. 169440
Attorney E-Mail: jsx@searcylaw.com
Primary E-Mail:  ScarolaTeam@searcylaw.com
*/s/ Victoria Mesa-Estrada*
Victoria Mesa-Estrada
Florida Bar No.: 76569
Attorney E-Mail: vmestrada@searcylaw.com
Primary E-Mail: MesaTeam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33409
Phone: 561-686-6300
Fax: 561-383-9451
*Attorneys for Plaintiff*