**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-cv-80569-EA**

**Jane Doe,**

Plaintiff,

v.

**City of West Palm Beach, et al.,**

Defendant.
_________________________________/

**ORDER GRANTING IN PART, DENYING IN PART MOTION TO DISMISS**

This cause is before the Court on the defendant, the City of West Palm Beach's (the "City"), motion to dismiss (the "Motion"). [ECF No. 11]. Having reviewed the Motion, responses to the Motion, relevant law, and the record, the Motion, for the reasons explained below, is **GRANTED IN PART, DENIED IN PART**.

**BACKGROUND**

Plaintiff brought a civil rights action against the City, arguing that the City did not "properly screen, train, supervise, and discipline its police officers, and [for] its maintenance of unconstitutional policies, customs, procedures and practices." [ECF No. 1 at 2]. This lawsuit stems from the alleged incident where defendant, Officer Feeley-Carim, a police officer for the City's police department, approached the plaintiff in his marked police car, demanded the plaintiff get out of her vehicle, and ordered the plaintiff to touch his genitals. [ECF No. 1, at 7-10].

Counts III, V, VII, IX, XI, and XII are against the City, while the remaining counts are against defendant Officer Feely-Carim only, and will thus not be discussed herein.

**STANDARD OF REVIEW**

To survive a motion to dismiss a complaint "does not need detailed factual allegations" but must

provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For a claim to be plausible on its face the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**COUNT III**

The City argues that under *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), the punitive damages request against it in Count III are improper. [ECF No. 11, at 11-12]. The plaintiff concedes this. [ECF No. 14, at 10].

**COUNTS V, VII, IX, XI, and XII**

The City next argues that counts V, VII, IX, XI, and XII should be dismissed because sovereign immunity bars vicarious liability for intentional torts. [ECF No. 11, at 12]. Section 768.28 of the Florida Statutes provides, in relevant part, the following:

> The state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

§ 768.28(9), Fla. Stat. (2026).

The plaintiff states that all these claims are plead in the alternative and thus can survive a motion to dismiss. [ECF No. 14, at 11]. However, Count V is not plead in the alternative. [ECF No. 1, at 26]. Count VII is not plead in the alternative. [ECF No. 1, at 28]. Count IX is not plead in the alternative. [ECF No. 1, at 32]. Count XI is not plead in the alternative. [ECF No. 1, at 34]. Count XII is also not plead in the alternative. [ECF No. 1, at 36]. Thus, while nothing precludes the plaintiff from alternatively pleading claims against both the City and Officer Feely-Carim, the plaintiff has not indicated that these claims are in fact plead in the alternative. *See Rice v. Fla. Dep't*

*of Corrections*, Case No. 3:20-cv-1206, 2023 WL 3645606 at *4 (M.D. Fla. May 25, 2023). While no magic words are necessary to plead a claim in the alternative, the plaintiff "'must use a formulation from which it can be reasonably inferred' that they are pleading in the alternative." *Williams v. Miami-Dade Cnty.*, 740 F. Supp. 3d 1219, 1241 (S.D. Fla. 2024). Here, no such intention can be reasonably inferred, as all 103 factual paragraphs are incorporated into each of the counts. *Id.*

Therefore, it is **ORDERED AND ADJUDGED**:

1. The Motion to Dismiss [ECF No. 11] is **GRANTED IN PART,** as to the punitive damages request and the deficiency in pleading the remaining counts against the City in the alternative, and **DENIED IN PART** as to the remainder of the City's arguments.

2. The plaintiff is granted leave to file an amended complaint on or before **September 9, 2026**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 26th day of August 2026.

ED ARTAU
UNITED STATES DISTRICT JUDGE

Copies Served:
John Scarola
Searcy Denney Scarola Barnhart & Shipley
2139 Palm Beach Lakes Boulevard
PO Drawer 3626
West Palm Beach, FL 33402-3626
561-686-6300
Fax: 561-383-9451
Email: _scarolateam@searcylaw.com

Victoria Mesa-Estrada
Searcy Denney Scarola Barnhart & Shipley
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409

561-660-4048
Email: vmestrada@searcylaw.com

Andrew Brett Carrabis
City of West Palm Beach
Office of the City Attorney
401 Clematis Street
Floor 5
West Palm Beach, FL 33401
561-822-1353
Email: acarrabis@wpb.org